UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SABREEN MUTAN<br><br>    Plaintiff,<br><br>vs.<br><br>LEANID RUSINOUSKI<br>IAROSLAV TRANSPORTATION, INC.<br>SIT EXPEDITORS, INC.,<br>CAPITAL TRANSPORT, INC.,<br>ALLSTATE / FIRE & CASUALTY INSURANCE COMPANY and<br>JOHN DOE TBD TBD,<br><br>    Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## NOTICE OF REMOVAL by DEFENDANTS LEONID RUSINOUSKI, IAROSLAV TRANSPORTATION, INC., AND SIT EXPEDITORS, INC.

COME NOW the Defendants, Leonid Rusinouski, Iaroslav Transportation, Inc., and SIT Expeditors, Inc. (collectively, "Defendants"), by counsel, pursuant to 28 U.S.C. §§1332, 1441 and 1446, and hereby give notice of the removal of this action to the United States District Court for the Eastern District of Pennsylvania.

As grounds for removal, Defendants state as follows:

### A.   Introduction

1. On February 3, 2022, the Plaintiff, Sabreen Mutan, ("Plaintiff") commenced a civil action against six Defendants in the Philadelphia Court of Common Pleas in Pennsylvania, now pending as Civil Action No. 220200484 (the "State Court Action"). A copy of the plaintiff's complaint is attached hereto as Exhibit "A").

2. A copy of the state court docket for the present matter is attached hereto as Exhibit "B".

3. Copies of all pleadings filed as of this filing date (except the complaint) are attached hereto within Exhibit "C".

4. On April 28, 2022 Plaintiff filed with the Philadelphia Court of Common Pleas an affidavit of service of the complaint upon defendants SIT Expeditors, Inc. and Iaroslav Transportation, Inc. purportedly taking place on April 18, 2022. (See Exhibit "C").

5. No service of process has yet been filed with regard to the first named defendant Leanid Rusinouski and said defendant denies any knowledge of attempted service.

6. Plaintiff's complaint alleges, inter alia, "On or about April 8, 2020 Sabreen Mutan was operating a motor vehicle that was stopped southbound on I-95 at or about mile marker 27.1 in the City and County of Philadelphia in the Commonwealth of Pennsylvania. (Exhibit "A", paragraph #8).

7. Plaintiff's complaint, while not entirely clear, appears to assert a claim of motor vehicle negligence against defendant Leanid Rusinouski and a John Doe in Count I; a claim of Respondeat Superior / Negligent Entrustment against defendants Iaroslav Transportation, Inc., SIT Expeditors, Inc. Capital Transport, Inc. and/or John Doe in Count II, and in Count III plaintiff asserts an underinsured motorist claim against defendant Allstate Fire & Casualty Insurance Company. (Exhibit "A").

8. Plaintiff alleges that she is a resident of Philadelphia County, Pennsylvania. (Exhibit "A", paragraph #1 and the caption).

9. Plaintiff alleges that all other named defendants reside in states other than Pennsylvania, including Florida, Illinois, Mississippi and Iowa. (See paragraphs 2, 3, 4, 5 and 6 of the complaint in Exhibits "A" and the addresses in the caption of the complaint.)

10. This action is properly removable under 28 U.S.C. § 1441(a), which states as follows, in relevant part:

> Except as otherwise expressly provided by the Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending . . . .

11. As explained in detail below, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), which states as follows, in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between –
>
> (1) citizens of different States . . . .

**B. This Removal is Timely.**

12. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as the thirty-day time period for removal began to run for defendants Iasolav Transportation Inc. and SIT Expeditors, Inc. no earlier than April 18, 2022 the date on which said two defendants were purportedly served with a copy of the Complaint.

(See Exhibit "C" "and *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

13. Defendant Leanid Rusinouski has not yet been served by the plaintiff and he knows of no attempt at service upon him, so the time for his removal of this case has not yet began to run.

## C. Venue is Proper in this Court.

14. Venue properly lies in this United States District Court for the Eastern District of Pennsylvania, under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 118(b)(2), as this District embraces the location of the Pennsylvania state court, (the Philadelphia Court of Common Pleas), where the State Court Action is currently pending.

## D. Complete Diversity of Citizenship Exists.

15. The caption of the Complaint identifies Plaintiff is a resident of Philadelphia, Pennsylvania. (Exhibit "A"). Therefore, Plaintiff is a citizen of the state of Pennsylvania.

16. Defendant number one is identified by plaintiff's complaint as "Leanid Rusinouski" residing at 4352 S. Kirkman Road., Orlando, FL 32811. (See Exhibit "A", ¶2, and the caption of Plaintiff's complaint). Therefore, Defendant number one is a citizen of the state of Florida.

17. Defendant number two is identified by plaintiff's complaint as "Iaroslav Transportation, Inc.", a business entity with offices at 1685 Fleetwood Drive, Elgin, IL 60123. (See Exhibit "A", ¶3, and the caption of Plaintiff's complaint). Therefore, Defendant number two is a citizen of the state of Illinois.

18. Defendant number three is identified by plaintiff's complaint as "SIT Expeditors, Inc.", a business entity with offices at 2704 Granville Avenue, Melrose Park, IL 60164. (See Exhibit "A", ¶4, and the caption of Plaintiff's complaint). Therefore, Defendant number two is a citizen of the state of Illinois.

19. Defendant number four is identified by plaintiff's complaint as "Capital Transport, Inc.", a business entity with offices at 320 Carrier Boulevard, Richland, MS 39218. (See Exhibit "A", ¶5, and the caption of Plaintiff's complaint). Therefore, Defendant number two is a citizen of the state of Mississippi.

20. Defendant number five is identified by plaintiff's complaint as "Allstate/Fire & Casualty Company", a business entity with an address of Med Central Houston, P.O. Box 2874, Clinton, IA 52733. (See Exhibit "A", ¶6, and the caption of Plaintiff's complaint). Therefore, Defendant number two is a citizen of the state of Iowa.

21. Defendants number six is identified by plaintiff's complaint as "John Doe, TBD, TBD", but not further identified as either a male or female individual, or a business entity and no corresponding address(es) including states of residence are contained within the complaint. (See Exhibit "A", ¶8, and the caption of Plaintiff's complaint).

22. A corporation's citizenship is based on its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

23. As all corporate defendants in this action are residents of states other than Pennsylvania or have their principal place of business in states other than

Pennsylvania complete diversity of citizenship exists between Plaintiff (Pennsylvania) and Defendants (Florida, Illinois, Mississippi and Iowa).

### E.   The Amount in Controversy Requirement is Satisfied.

24.   In addressing the amount in controversy, Defendants do not concede the validity of Plaintiff's claims or attempt to predict what monetary damages, if anything, Plaintiff might recover. The amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938).

25.   Pennsylvania State Court plaintiffs are not allowed to include within their complaints for negligence a specific monetary ad damnum clause.

26.   Consequently, Plaintiff's complaint prays for the recovery of damages by demanding "judgment in her favor, against the defendants Leanid Rusinowski, Iaroslav Transportation, Inc., SIT Expeditors, Inc. Capital Transport, Inc. and/or John Doe and avers that the sum in controversy is an amount in excess of the jurisdictional amount requiring submission to arbitration [$50,000]." (Exhibit "A", see the last "WHEREFORE" paragraphs of all 3 counts).

27.   Based on a review of the complaint the Defendants allege that the amount in controversy in the present matter exceeds the jurisdictional threshold of $75,000, but the Defendants do not concede that the actual value exceeds that amount.

28.     Where plaintiff's complaint demands relief for unliquidated damages, and the defendant's Notice of Removal asserts that the amount in controversy exceeds $75,000, "the Court must decide whether Defendants' Notice of Removal proves by a preponderance of the evidence that [plaintiff's] claims exceed $75,000. *Dorley v. Save-A-Lot*, No. 16-cv-04510, 2016 U.S. Dist. LEXIS 147296, at 6 (E.D. Pa. Oct. 25, 2016).

29.     The relevant statutory provision for this determination is 28 U.S.C. § 1446(c)(2) which reads, in part:

> (c)(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

30.     In performing this analysis the Courts have held that, "The general rule in federal courts has long been that in order to decide the amount in controversy a court must look at the complaint." *S.B. v. United of Omaha Life Ins. Co.*, No. 13-1463, 2013 U.S. Dist. LEXIS 83642, at 6 (E.D. Pa. June 13, 2013). "The district court must determine the amount 'not . . . by the low end of an open-ended claim, but rather

7

by a reasonable reading of the value of the rights being litigated.'" *S.B. v. United of Omaha Ins. Co.*, No. 13-1463, 2013 U.S. Dist. LEXIS 83642, at *7 (E.D. Pa. Jun. 13, 2013), *quoting Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

31. In making this determination the Courts in the Eastern District of Pennsylvania have explained, "If, from the face of the complaint, it is a legal certainty that the plaintiff cannot recover $75,000, or it appears to a legal certainty that plaintiff is not entitled to that amount, the case is barred from proceeding in federal court due to the failure to satisfy the amount in controversy requirement." *S.B. v. United of Omaha Life Ins. Co.*, No. 13-1463, 2013 U.S. Dist. LEXIS 83642, at 7 (E.D. Pa. June 13, 2013).

32. In the Eastern District of Pennsylvania the Courts have further explained that when "the Complaint does not explicitly limit Plaintiff's damages to an amount under the federal diversity threshold, we must independently appraise the value of [plaintiff's] claims." *Davis v. Donnelly*, No. 14-6163, 2015 U.S. Dist. LEXIS 21676, at 8 (E.D. Pa. Feb. 24, 2015).

33. In so doing, the Court has explained that in making the determination as to the amount in controversy the "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Davis v. Donnelly*, No. 14-6163, 2015 U.S. Dist. LEXIS 21676, at 8 (E.D. Pa. Feb. 24, 2015).

34.  Here, at the time the notice of removal was filed, the plaintiff's demands included compensatory damages and that "… the sum in controversy exceeds an amount is excess of the jurisdictional amount requiring submission to arbitration" which is $50,000 in the Philadelphia Court of Common Pleas. (Exhibit "A", see the "Wherefore" paragraph at the end of each count of the complaint.)

35.  With regard to specific injuries plaintiff's complaint alleges in paragraph #14 the following:

> … Acute, post-traumatic headaches with occipital neuralgia; acute, post-traumatic sprain and strain of the cervical spine region with myofascitis with acute, post-traumatic cervical radicular features with upper extremity EMG/NCV confirming right subacute C5 radiculopathy; acute, post-traumatic sprain and strain/contusion of the right shoulder with bursitis, tendinitis and impingement syndrome; acute, post-traumatic sprain and stain/contusion of the right humerus; acute, post-traumatic sprain and strain of the thoracic spine region with myofascitis with acute, post-traumatic right midthoracic radiculitis; acute, post-traumatic sprain and strain of the lumbar spine region with myofascitis with acute, post-traumatic lumbar radicular features and acute, posttraumatic sprain and strain/contusion of the sacroiliac joint/region all resulting in serious bodily injuries and serious impairment and personal limitation of use of a body function or system.

(Exhibit "A", paragraph #14).

36.  Plaintiff also alleges a "… loss of earnings and/or impairment of earnings capacity and power, all to her great financial detriment and loss." (Exhibit "A", paragraph #17).

37.  While some of the allegations in plaintiff's complaint are merely boilerplate in describing plaintiff's alleged injuries and damages, the allegations of the complaint including the prior wage loss and the future lost earnings ability leads to the reasonable conclusion that the amount in controversy is in excess of $75,000.

See, *McMillan v. Wilkie Trucking Inc.,* No. 13-7104, 2014 U.S. Dist. LEXIS 22636, at *13 (E.D. Pa. Feb. 21, 2014) ["Aggregating the expense of surgery, the pain and suffering related to the surgery and to the initial accident, the loss of income, medical treatment of other injuries sustained, . . . this Court is convinced that the total value amount of her damages reasonably surpasses the $75,000 federal jurisdictional threshold."] see also, (See, *Dorley v. Save-A-Lot*, No. 16-cv-04510, 2016 U.S. Dist. LEXIS 147296, at 6 (E.D. Pa. Oct. 25, 2016)

38. A copy of this Notice of Removal will be filed with the Prothonotary of the Philadelphia Court of Common Pleas as provided by 28 U.S.C. sec. 1446(d); and, pursuant to 28 U.S.C. sec. 1446(a) there is filed herewith and by reference made a part hereof, a true and correct copy of all process, pleadings and orders served to-date upon the Defendants in this action which consists of just the complaint. (See Exhibit "C").

F. Adoption and Reservation of Defenses

39. Nothing in this *Notice of Removal* shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, following defenses: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; (8) any other pertinent defense available under Pennsylvania law or Fed. R. Civ. P. 12, any state or federal statute, or otherwise; or (9) arbitration.

40. Defendants reserve the right to supplement this *Notice of Removal* by adding any jurisdictional defenses which may independently support a basis for removal.

## G. Conclusion

**WHEREFORE,** the Defendants, Leonid Rusinouski, Iaroslav Transportation, Inc., and SIT Expeditors, Inc., (collectively, "Defendants"), pray that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Philadelphia County, Pennsylvania Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

                                        Respectfully submitted,

Dated: May 10, 2022                /s/ *William F. Conway*

                                        William F. Conway, Esquire
                                        Identification No. WC 4193
                                        SWARTZ CAMPBELL, LLC
                                        One Liberty Place – Floor 38
                                        1650 Market Street
                                        Philadelphia, PA 19103
                                        Telephone: (215) 299-4270
                                        E-mail:   WConway@swartzcampbell.com

                                        Attorney for Defendants
                                        Leonid Rusinouski,
                                        Iaroslav Transportation, Inc., and
                                        SIT Expeditors, Inc.,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SABREEN MUTAN<br><br>    Plaintiff,<br><br>vs.<br><br>LEANID RUSINOUSKI<br>IAROSLAV TRANSPORTATION, INC.<br>SIT EXPEDITORS, INC.,<br>CAPITAL TRANSPORT, INC.,<br>ALLSTATE / FIRE & CASUALTY INSURANCE<br>COMPANY and<br>JOHN DOE TBD TBD,<br><br>    Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

I certify that the foregoing *Defendants' Notice of Removal* was served by placing a copy of same in the United States mail, first class postage prepaid this 10th day of May 2022, addressed to the following:

  Scott D. Schulman, Esq.
  Jeffrey M. Thiel, Esq
  6951 North Park Drive
  Pennsauken, NJ 08109
  (Counsel for Plaintiff)

  Divya Wallace. Esq. (203882)
  1601 Market St.
  Suite 1040
  Philadelphia, PA 19103
  Law Office of Donna M. Pietro
  (Counsel for Capital Transport Inc.)

Allstate/Fire & Casualty Insurance Company
Med Central Houston
P.O. Box 2874
Clinton, IA 52733

Dated: May 10, 2022

                                        SWARTZ CAMPBELL LLC

                                        /s/ *William F. Conway*
                                        William F. Conway, Esquire
                                        Attorneys for the defendants,
                                        Leonid Rusinouski,
                                        Iaroslav Transportation, Inc., and
                                        SIT Expeditors, Inc.