## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SABREEN MUTAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LEANID RUSINOUSKI, IAROSLAV | : | |
| TRANSPORTATION, INC., SIT | : | |
| EXPEDITORS, INC., CAPITAL | : | |
| TRANSPORT, INC., ALLSTATE / | : | |
| FIRE & CASUALTY INSURANCE | : | |
| COMPANY and JOHN DOE TBD TBD | : | NO. 22-1810 |

### MEMORANDUM

**Savage, J.**                                                    **May 23, 2022**

In removing this action from the state court, defendants Leonid Rusinouski, Iaroslav Transportation, Inc. ("Iaroslav"), and SIT Expeditors, Inc. ("SIT")[1] contend that the federal court has subject-matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we must remand a case *sua sponte* for lack of subject-matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Because neither the complaint nor the notice of removal sets forth facts establishing jurisdiction, we shall remand this action.

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating, by a preponderance of the evidence, that the opposing parties are

---

[1] The other defendants, Capital Transport, Inc. ("Capital"), Allstate/Fire & Casualty Insurance Company ("Allstate") and John Doe TBD TBD, did not join in the removal.

citizens of different states and the amount in controversy exceeds $75,000.00.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(A), (B)); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Additionally, removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand.  *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

In their notice of removal, the removing defendants contend that there is complete diversity between the plaintiff and all defendants.[2]  To demonstrate the state of citizenship of each party, they repeat the allegations in the complaint.  Specifically, with respect to the plaintiff's citizenship, the removal notice avers: "Plaintiff alleges that she is a resident of Philadelphia County, Pennsylvania. . . . Therefore, Plaintiff is a citizen of the state of Pennsylvania."[3]

Regarding the defendants' citizenship, the notice states: "Plaintiff alleges that all other named defendants reside in states other than Pennsylvania."[4]  The notice further avers that Rusinouski, the individual defendant, "is identified by plaintiff's complaint as . . . residing at [an address in] Orlando, FL. . . . Therefore, [Rusinouski] is a citizen of

---

[2] *See* Not. of Removal by Defendants Leonid Rusinouski, Iaroslav Transportation, Inc., and SIT Expeditors, Inc. (Doc. No. 1) ¶¶ 15-23.

[3] *Id.* ¶¶ 8, 15 (citing Compl. (Doc. No. 1–2) ¶ 1).

[4] *Id.* ¶ 9 (citing Compl. ¶¶ 2–6).

the state of Florida."[5]  With respect to the remaining defendants, the removal notice states that the specific defendant "is identified by plaintiff's complaint as . . . a business entity with offices at" an address in Illinois (Iaroslav and SIT), Mississippi (Capital), or Iowa (Allstate), and "[t]herefore," each defendant "is a citizen of the state" where it has its "offices."[6]

As the proponent of diversity jurisdiction, the removing defendants have the burden of establishing jurisdiction.  *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017) (citation omitted).  Yet, they do not allege sufficient facts showing the citizenship of any party.  For purposes of establishing jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled.  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).  Residency in a state is insufficient to establish citizenship of an individual.  *GBForefront, L.P.*, 888 F.3d at 35 (citing *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (allegations pertaining solely to a litigant's "residency," as opposed to "citizenship" or "domicile," are "jurisdictionally inadequate in [a] diversity of citizenship case)).  A corporation is a citizen of both the state of its incorporation and the state where its principal place of business is located.  *GBForefront*, 888 F.3d at 34 (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

Relying solely on the allegations in the complaint that the plaintiff "reside[s]" in Pennsylvania and Rusinouski "resid[es]" in Florida, the removing defendants mistakenly conclude that this is where these parties are domiciled.  Because residency in a state is

---

[5] *Id*. ¶ 16 (citing Compl. ¶ 2).

[6] *Id*. ¶¶ 17–20 (citing Compl. ¶¶ 3–6).

insufficient to establish citizenship, *see GBForefront, L.P.*, 888 F.3d at 35, they have not alleged facts to demonstrate the state of citizenship of the plaintiff or Rusinouski.

Nor have they alleged facts establishing the citizenship of Iaroslav, SIT, Capital, or Allstate.  Although the removal notice correctly states that a "corporation's citizenship is based on its state of incorporation and principal place of business,"[7] neither the complaint nor the notice alleges that these defendants are corporations.  The complaint merely describes them as "business entit[ies]," and provides office addresses.  Without averring any additional facts about these "business entities," the removing defendants assume without support that they are "corporate defendants."[8]  Without any averments about where they are incorporated and have their principal places of business, we cannot ascertain their states of citizenship.

Additionally, the removing defendants have not obtained consent from Capital and Allstate to remove the action.  All defendants must "join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, 1750 (2019) ("a defendant cannot remove unilaterally").  Lack of unanimity is a defect in the removal procedure.

Because we cannot determine the citizenship of any party, we are unable to determine that there is diversity of citizenship.  In addition, without the consent of all defendants, the removal was improper.  Therefore, because we do not have subject-matter jurisdiction, we shall remand this case.

---

[7] *Id.* ¶ 22 (citing 28 U.S.C. § 1332(c)(1)).

[8] *Id.* ¶ 23.